Judge McMahon  **13 CV 2769**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ANTONIO BENTON,

                          Plaintiff,

            - against -

THE CITY OF NEW YORK,
POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10,

                      Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

RECEIVED
APR 2 5 2013
U.S.D.C. S.D.N.Y.
CASHIERS

     Plaintiff, ANTONIO BENTON, by his attorneys, NASS & ROPER LAW, LLP, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

## I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, ANTONIO BENTON, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about July 28, 2012, at approximately 12:00 p.m., and March 8, 2013 at approximately 11:00 a.m., Plaintiff was walking in or around 166th and Grant Avenue and College Avenue, respectively, when he was approached by Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10 and falsely arrested suffering physical and mental injuries. It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights, used excessive force in effectuating his arrest, imprisoned him unlawfully at the 44th police precinct and subjected him to two unlawful strip searches, two visual cavity searches and a full medical cavity search at the Bronx-Lebanon Hospital Center. As a result of the above listed claims against Defendants, Plaintiff has suffered physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff, ANTONIO BENTON, at all times relevant hereto, resided at 50 Morningside Avenue, in the County, City and State of New York.

4. Defendant CITY OF NEW YORK (hereinafter "CITY") is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), which includes the "44th Precinct," whose police headquarters are located at 2 E 169th St. in Bronx, NY 10452, and as such is the public employer of the Defendant officers herein.

5. Defendants POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10 (44th Precinct) were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

6. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

7.   On or about July 28, 2012, at approximately 12:00 p.m., Plaintiff, ANTONIO

BENTON, was walking in front of the building located at 1117 Grant Avenue in the

County of Bronx, City and State of New York.

8.   Plaintiff was stopped by Defendant, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-

10, pushed up against the wall and searched.  Defendant Officers found nothing on

Plaintiff and allowed him to leave the scene.

9.   Plaintiff, ANTONIO BENTON, then waited by the building at the above-mentioned

address for approximately 20 minutes before his girlfriend arrived in a car and picked

him up to drive him home at 50 Morningside Avenue in New York, NY.

10.  Approximately 30 seconds after driving away from location, an unmarked police

vehicle pulled behind the car Plaintiff was traveling in and flashed the police lights to

signal their car to pull over.

11.  Plaintiff pulled the car over, and Defendants, POLICE OFFICER JOHN/JANE

DOE(S) #'s 1-10, came to Plaintiff's door, opened it and forcibly pulled him out of

the vehicle by grabbing his arm.

12.  Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, then accused

Plaintiff of selling drugs to someone, placed him in handcuffs and then placed him in

a police van where he was transported to the 44th Police Precinct after approximately

an hour of driving.

13.  Plaintiff requested the officer to loosen the handcuffs around his wrists as they were

tight and causing pain and injury to Plaintiff.  Defendants, POLICE OFFICER

JOHN/JANE DOE(S) #'s 1-10, refused to loosen the handcuffs.

14. Plaintiff was taken from the police van and brought inside the 44th Police Precinct. Plaintiff was photographed and visual cavity strip-searched by Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, and placed in a holding cell.

15. Plaintiff was not given food, water or a phone call and was subsequently brought to Central Booking after approximately two hours of being confined in the holding cell.

16. Plaintiff would sit in a holding cell at Central Booking for approximately eight (8) hours before he was released out the "side door" of Central Booking without formal charges ever being brought against him.

17. On or about March 8, 2013, at approximately 11:00 a.m., Plaintiff, ANTONIO BENTON, was walking near 166th and College Avenue in the County of Bronx, City and State of New York.

18. Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, asked Plaintiff what he had on him and Plaintiff replied that does not sell or do drugs.

19. Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, threw Plaintiff against the wall and searched him in the street while Plaintiff was trying to inform them that he did not have anything on him.

20. Plaintiff, ANTONIO BENTON, was brought to the 44th precinct by Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, and was handcuffed to a fence at the precinct.

21. At that time, Plaintiff was still in handcuffs and Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, began pulling on the handcuffs trying to intentionally injure the hands of Plaintiff, ANTONIO BENTON, causing great pain and physical injury.

22. While Plaintiff was still in handcuffs, Defendants, POLICE OFFICER JOHN/JANE
DOE(S) #'s 1-10, would strip him completely and conduct a visual cavity search of
him while one Defendant Officer pushed the camera in the cell up so that nothing
could be recorded.

23. Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, found nothing
during their invasive strip-search but still insisted that he be brought to the hospital so
a physician could search Plaintiff, ANTONIO BENTON, further.

24. Plaintiff was then brought to the Bronx-Lebanon Hospital where a physician
conducted a full body cavity search on him by a request from Defendants, POLICE
OFFICER JOHN/JANE DOE(S) #'s 1-10, and again found nothing as a result of the
search.

25. Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, then convinced the
doctor to have an x-ray examination done of Plaintiff's lower torso in hopes of
finding ingested contraband/narcotics.

26. The x-ray was performed and the results were negative.  Defendants, POLICE
OFFICER JOHN/JANE DOE(S) #'s 1-10, brought Plaintiff, ANTONIO BENTON,
back to the 44th Police Precinct, strip-searched him again and placed him in a holding
cell for approximately four more hours before he was transported to Central Booking.

27. Plaintiff, ANTONIO BENTON, would sit in holding cell for approximately two
hours at central booking before he was released without any formal charges being
brought against him.

28. That on or around the 12th day of September, 2012, and the 19th day of March, 2013
Plaintiff's Notice of Claims and Intention to sue were duly served upon and filed with

the CITY; said Notices were filed within ninety (90) days after the cause of action herein accrued and set forth the names and post office address of Plaintiff, the nature of the claims, the times when, the places where, the manners in which the claim arose and the items of damage and injuries sustained.

29. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

30. Paragraphs 1 through 29 of this complaint are hereby re-alleged and incorporated by reference herein.

31. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately twenty seven hours total on two separate occasions.

32. That in detaining Plaintiff for approximately seven and twenty hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

33. Upon information and belief, it was the policy and/or custom of Defendants CITY to inadequately supervise and train their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

34. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendants CITY believed that their actions would not be properly

monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

35. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

36. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

37. By reason of the foregoing, Plaintiff suffered mental and physical injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries.  All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

38. Paragraphs 1 through 37 are hereby re-alleged and incorporated by reference herein.

39. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

40. That Defendants intended to confine Plaintiff.

41. That Plaintiff was conscious of the confinement and did not consent to it.

42. That the confinement was not otherwise privileged.

43. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

44. That by reason of the foregoing, Plaintiff suffered mental and physical injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. <u>THIRD CAUSE OF ACTION</u>
### Pursuant to §1983 (EXCESSIVE FORCE)

45. Paragraphs 1 through 44 are hereby re-alleged and incorporated by reference herein.

46. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

47. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

48. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

49. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

50. That Plaintiff was not actively resisting arrest or attempting to evade arrest and in fact was already handcuffed when the force occurred.

51. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

52. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

53. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his

rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

54.     That upon information and belief, in 2012, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

55.     That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

56.     That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

57.     That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

58.     By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IIX. FOURTH CAUSE OF ACTION
**Pursuant to State Law (EXCESSIVE FORCE)**

59.     Paragraphs 1 through 58 are hereby re-alleged and incorporated by reference herein.

60.     That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

61.    That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

62.    That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

63.    That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

64.    That Plaintiff was not actively resisting arrest or attempting to evade arrest and in fact was in handcuffs at the time the force occurred.

65.    That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

66.    That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

67.    By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries.  All of said injuries may be permanent.

## IX. FIFTH CAUSE OF ACTION
### Pursuant to State Law (ASSAULT and BATTERY)

68.    Paragraphs 1 through 67 are hereby re-alleged and incorporated by reference herein.

69.    That Defendants intended to cause harmful bodily contact to Plaintiff.

70.    That defendant Defendants, in a hostile manner voluntarily caused Plaintiff's injuries.

71. That Defendants contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

72. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
### Pursuant to §1983 (ILLEGAL STRIP SEARCH)

73. Paragraphs 1 through 72 are hereby re-alleged and incorporated by reference herein.

74. That Defendants gave Plaintiff, ANTONIO BENTON, a visual cavity strip-search absent a requisite reasonable suspicion that ANTONIO BENTON was concealing weapons and/or contraband.

75. That Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, instructed a physician to give Plaintiff a full cavity strip-search at Bronx-Lebanon Hospital Center and then instructed a physician to give Plaintiff an X-Ray examination.

76. That Defendants strip searched ANTONIO BENTON absent a requisite reasonable suspicion that ANTONIO BENTON was concealing weapons and / or contraband.

77. That Defendants had no legally sufficient cause to strip search ANTONIO BENTON.

78. That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of ANTONIO BENTON'S rights, subjected ANTONIO BENTON to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## XI. SEVENTH CAUSE OF ACTION
### Pursuant to State Law (ILLEGAL STRIP SEARCH)

79.   Paragraphs 1 through 78 are hereby re-alleged and incorporated by reference herein.

80.   That Defendants gave Plaintiff, ANTONIO BENTON, a visual cavity strip-search absent a requisite reasonable suspicion that ANTONIO BENTON was concealing weapons and/or contraband.

81.   That Defendants, POLICE OFFICER JOHN/JANE DOE(S) #'s 1-10, instructed a physician to give Plaintiff a full cavity strip-search at Bronx-Lebanon Hospital Center and then instructed a physician to give Plaintiff an X-Ray examination.

82.   That Defendants strip searched ANTONIO BENTON absent a requisite reasonable suspicion that ANTONIO BENTON was concealing weapons and/or contraband.

83.   That Defendants had no legally sufficient cause to strip search ANTONIO BENTON.

84.   That by reason of Defendants acts and omissions, Defendants acting under color of State law and within the scope of their authority, in gross and wanton disregard of ANTONIO BENTON'S rights, subjected ANTONIO BENTON to an illegal strip search, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

## XII. EIGHT CAUSE OF ACTION
### Pursuant to State Law (RESPONDEAT SUPERIOR)

76.   Paragraphs 1 through 84 are hereby re-alleged and incorporated by reference herein.

77.   That at all times, all Defendants were acting within the scope of their employment.

78.   That Defendant CITY was able to exercise control over Defendant Officers' activities.

79.   That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

80.    By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries,

economic injury, trauma, humiliation, terror, damage to reputation, and other

psychological injuries.  All of said injuries may be permanent.

**INJURY AND DAMAGES**

As a result of the acts and conduct complained of herein, Plaintiff has suffered and

will continue to suffer, emotional pain, suffering, inconvenience, injury to his

reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses.

Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1.  Awarding Plaintiff compensatory damages in a full and fair sum to be
    determined by a jury;

2.  Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3.  Awarding Plaintiff interest from July 28, 2012; and

4.  Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5.  Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
       April 22, 2013

Yours, etc.

JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTONIO BENTON,

Plaintiff,

– against –

CITY OF NEW YORK,
POLICE OFFICER JOHN DOE(S) #'s 1-10,

Defendants.

## SUMMONS & VERIFIED COMPLAINT

NASS & ROPER LAW, LLP
*Attorneys for Plaintiff*
ANTONIO BENTON
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.

15